By the Court,

Bronson, Ch. J.
In proceedings under the statute “to compel the determination of claims to real property,” *203 (2 R. S. 312, et seq.,) the first rule to he entered is, that the person on whom the notice was served appear and plead thereto within forty days after the entry of the rule. (§ 4.) Such person may- plead in bar of all further proceedings, that neither the other party, nor he and those whose estate he has, have been in the actual possession of the premises for three whole years. (§ 7.) Or, he may, by plea, disclaim all title to the property. (§ 8.) He may also commence an action of ejectment against his adversary, and the declaration will be deemed a pleading within the rule. (§§ 9, 10.) The declaration says nothing about the notice; and the connection of the two things can only be ascertained by enquiring into extrinsic facts. If a declaration is served after a notice under the statute from the opposite party, and before a default for not pleading has been entered, it must be regarded as a pleading under the notice. Clearly the party receiving the declaration would have no right to treat it as an independent proceeding, wholly foreign to the notice, unless he was advised that such was. the- intention of the plaintiff in the ejectment.
When the party receiving a notice under the statute, either pleads in bar, disclaims, or declares in ejectment, he has, I think, made his election as to the mode in which he will answer the opposite party; and he cannot afterwards abandon that answer and resort to another, without first obtaining the leave of the court. If an ejectment suit is commenced, the plaintiff may undoubtedly discontinue it, as he may any other suit, on payment of costs. But that will give him no fight to plead in bar of the statute proceeding. On the contrary, the person who gave the statute notice will, if the time for pleading has expired, be entitled to a default and judgment, which will forever bar the person on whom the notice was served.
In this case it is difficult to say that the declaration of Giles was a pleading under the notice of Rosevelt, for the reason that Rosevelt had proceeded to a default and judgment long before the declaration was served. True, the judgment was irregular ; but until it was set aside, Giles had no right to plead to *204 the notice. On the whole, I will deny this motion without costs, and leave the parties to go on under the notice and plea in bar,
Motion denied,